UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| SUE VAN SKYHAWK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-603-DCR |
| ) | |
| V. ) | |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) | **MEMORANDUM OPINION** |
| COMPANY and AMERICAN ) | **AND ORDER** |
| STANDARD INSURANCE COMPANY, ) | |
| ) | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Plaintiff's motion to remand this action to the Clay Circuit Court. [Record No. 4]  The motion will be denied because the Court finds that, at the time of removal, the amount in controversy, more likely than not, exceeded the jurisdictional minimum.

**I.   PROCEDURAL BACKGROUND**

This action stems from an automobile accident occurring in Jeffersonville, Indiana. The Plaintiff filed her original suit in Indiana against the alleged tortfeasor. That case settled for the tortfeasor's policy limits of $50,000. The Plaintiff then filed this action in the Clay Circuit Court on October 6, 2005, against her own insurance companies seeking damages for underinsured motorist benefits. Specifically, the Plaintiff alleges that she is entitled to the limits of the Nationwide Mutual Insurance Company ("Nationwide") and American Standard Insurance Company ("American") policies. In addition to other demands, she seeks: (1) compensatory and punitive damages for alleged violations of the Unfair Claims Settlement Practices Act

("UCSPA") and the Consumer Protection Act ("CPA"); and (2) attorney's fees and costs. Although the Plaintiff has not specified the total amount of monetary damages sought, she alleges through her prayer for relief that she is entitled to "a substantial sum" of damages which are in excess of the "minimum jurisdictional amount of th[e] [state] Court." [Plaintiff's Complaint, p. 6]

Defendant Nationwide removed the action to this Court on October 31, 2005. [Record No. 1] In its Notice of Removal, Nationwide asserts the Court has jurisdiction over this action because the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), exclusive of interest and costs. [Record No. 1, p. 3] Defendant American filed its consent to removal on November 10, 2005. [Record No. 3]

On November 18, 2005, the Plaintiff moved to remand the action to state court. [Record No. 4] In her motion, the Plaintiff simply asserts that she is "not seek[ing] recovery in excess of this Court's $75,000 jurisdictional limits." However, she has not filed affidavits or any other support for her position.

In response, the Defendants assert that the jurisdiction of federal courts is determined at the time of removal and, at that time, the Plaintiff was seeking damages in excess of $75,000, exclusive of interest and costs. To support this contention, the Defendants note that the Plaintiff is seeking the policy limits for underinsured benefits of the Nationwide and Amercian policies, which are $50,000 and $25,000, respectively. The Defendants further note that the Plaintiff also seeks punitive damages. Thus, the Defendants contend that she is seeking to recover in excess of the jurisdictional limits of this Court. Additionally, the

Defendants point out that Plaintiff has not filed a signed affidavit outlining the amount of damages she is seeking or attempted to amend her Complaint to change her prayer for relief.

### II. LEGAL ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Consequently, "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In *Saint Paul Mercury*, the Court refused to remand an action, properly removed in light of the original complaint, when the plaintiff filed an amended complaint which reduced the amount initially claimed to an amount below the amount in controversy requirement. In denying the motion to remand, the Court stated that "[i]f the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id*. at 294.

Here, the Complaint is devoid of any allegations concerning the total amount of damages that the Plaintiff seeks to recover. And while the Plaintiff asserts that she is not seeking more than $75,000, she has not submitted any information or evidence which would assist the Court in resolving this motion in his favor.  Instead, she has simply asserted that she intends to withdraw some of the claims asserted in her Complaint.  Notwithstanding this failure, when faced with an indeterminate state court complaint, it is the federal court's responsibility to make an independent subject matter jurisdictional determination rather than rely solely on conclusory assertions. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936).

Based on a review of the limited information available, the Court concludes that the Defendants have met their burden of establishing that the amount in controversy exceeds the jurisdictional prerequisite.  The Defendants have presented evidence that indicates that, at the time of removal, the Plaintiff was seeking in excess of $75,000, exclusive of interest and costs, in damages.   The Plaintiff's post-removal assertion that "she is not seeking more $75,000" is insufficient to divest this Court of jurisdiction.  Likewise, the Plaintiff's assertion that, she "intends to withdraw all other claims asserted in the state court action" except for her claims for underinsured benefits has no bearing on this Court's jurisdictional determination. In determining the appropriateness of remand, this Court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The Plaintiff's claim for underinsured benefits alone is $75,000.  Moreover, the Plaintiff's recovery would be increased if she were

successful on her claim for compensatory and punitive damages for alleged violations of the UCSPA and the CPA.  Therefore, even though the Defendants failed to seek information from the Plaintiff regarding her damage claims through interrogatories or otherwise, the Court concludes that, at the time of removal, it is more likely than not that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.  Thus, this action was properly removed.

Accordingly, it is hereby **ORDERED** as follows:

1.	The Plaintiff's motion to remand this action to state court [Record No. 4] is **DENIED**;

2.	Defendant American Standard Insurance Company shall have ten (10) days from the entry of this Memorandum Opinion and Order to submit a memorandum of law supporting the motion to dismiss filed while this matter was pending in state court.  Thereafter, the parties shall have the time allowed by the Local Rules to file a Response and Reply.

This 15th day of December, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge