UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| SUE VAN SKYHAWK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-603-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NATIONWIDE MUTUAL INSURANCE | ) | |
| COMPANY and AMERICAN | ) | **MEMORANDUM OPINION** |
| STANDARD INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant American Standard Insurance Company's motion to dismiss. [Record No. 13] Through this motion, the Defendant notes that its proper name is "American Standard Insurance Company of Wisconsin, Inc." and that it should be dismissed from this action inasmuch as the Court lacks personal jurisdiction over it. Because the Court would be required to rely on matters outside the pleadings to resolve this motion, it will be denied.

## I.    BACKGROUND

This action stems from an automobile accident occurring in Jeffersonville, Indiana. The Plaintiff filed her original suit in Indiana against the tortfeasor. That case settled for the tortfeasor's policy limits of $50,000. Subsequently, the Plaintiff filed this action against her own insurance companies in the Clay Circuit Court on October 6, 2005. Through this action, the Plaintiff seeks to recover damages for underinsured motorist benefits. Specifically, the Plaintiff

-1-

alleges that she is entitled to the limits of two insurance policies issued by Nationwide Mutual Insurance Company (Nationwide) and American Standard Insurance Company (American). In addition to other demands, she seeks: (1) compensatory and punitive damages for alleged violations of the Unfair Claims Settlement Practices Act (UCSPA) and the Consumer Protection Act (CPA); and (2) attorney's fees and costs.

Defendant Nationwide removed the case to this Court on October 31, 2005. [Record No. 1] Defendant American consented to removal on November 10, 2005. [Record No. 3] Subsequently, the Plaintiff filed a motion to remand, asserting that she is not seeking damages in excess of the Court's jurisdictional limits. [Record No. 4] That motion was denied on December 15, 2005. In denying the Plaintiff's motion, the Court concluded, based on the allegations contained in the Plaintiff's complaint, the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

In addition, because, Defendant American had failed to submit a memorandum in support of the motion to dismiss filed while this action was pending in state court, that defendant was given ten (10) days to file a supporting memorandum. The parties were directed to file their responses and replies in accordance with the Local Rules. American timely filed its supporting memorandum on December 23, 2005. However, the remaining parties have failed to timely file briefs in opposition to American's motion to dismiss.

## II.    LEGAL STANDARD

The Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows a defendant to move for dismissal of a complaint if it

fails to state a claim upon which relief can be granted.  When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996).  Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis removed) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## III.   DISCUSSION

American contends that the Court must dismiss it from this action for lack of personal jurisdiction.  In support, it asserts that it is a Wisconsin corporation which is not licensed to issue insurance policies in Kentucky.  Further, American notes that:

> [t]he policy issued by American Standard Insurance Company to the Plaintiff was issued in the state of Iowa, where the Plaintiff was then a resident.  The motor vehicle accident at issue occurred in the state of Indiana.

[Record No. 13, p. 2]  These assertions are at odds with the factual claims contained in the Complaint.  In paragraph 3 of the Complaint, the Plaintiff contends that "[t]he Defendant,

AMERICAN STANDARD INSURANCE COMPANY, does and transacts business in the Commonwealth of Kentucky and is licensed to do business in the Commonwealth of Kentucky. . . ." [Record No. 1; attached Complaint]

This factual dispute is central to the Defendant's motion because, in determining whether there is personal jurisdiction over a party, this Court must first consider Kentucky's long arm statute, K.R.S. 454.210. This statute provides a list of actions that, if done, would support the exercise of jurisdiction over a non-resident defendant. The long-arm statute provides, in relevant part, that:

> (2)(a)   A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> 1.   Transacting any business in this Commonwealth[.]

K.R.S. 454.210. The statute insures that Kentucky courts comply with federal constitutional requirements of due process before asserting personal jurisdiction over nonresidents. *Pierce v. Serafin*, 787 S.W.2d 705 (Ky. App. 1990). Courts have interpreted Kentucky's long-arm statute to extend to the outer limits of the due process clause. *Id*. at 706; *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123 (6th Cir. 1982). The criteria for determining the outer limits of personal jurisdiction are as follows:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendants' activities there. Finally, the activities of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*Pierce*, 787 S.W.2d at 706 (citing *Tube Turns Division of Chemetron Corp. v. Patterson Co, Inc.*, 562 S.W.2d 99, 100 (Ky. App. 1978)).   The concept of minimum contacts protects defendants against the burdens of litigating in a distant or inconvenient forum, and acts to ensure that the states, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Applying the above criteria here, the Court cannot determine at this time whether the Defendant American has sufficient contacts with Kentucky which would allow this Court to exercise personal jurisdiction over it.  In addition to the factual dispute regarding whether American transacts and/or is licensed to do business in Kentucky, the Court cannot determine whether premiums for the underlying policy were mailed from Kentucky.  Likewise, the Court is unable to determine whether the company corresponded with the Plaintiff after she allegedly moved to the Commonwealth.  Finally, based on the current state of the record, the Court cannot conclude that K.R.S. 304.39-230 bars this action as the Defendant has alleged.  Accordingly, it is hereby

**ORDERED** that Defendant American Standard Insurance Company's motion to dismiss is **DENIED**.

This 16th day of February, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge