UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

SUE VAN SKYHAWK,                        )
                                        )
        Plaintiff,                      )        Civil Action No. 6: 05-603-DCR
                                        )
V.                                      )
                                        )
NATIONWIDE MUTUAL INSURANCE             )
COMPANY and AMERICAN                    )        **MEMORANDUM OPINION**
STANDARD INSURANCE COMPANY,             )           **AND ORDER**
                                        )
        Defendants.                     )

                        ***  ***  ***  ***

    Plaintiff Sue Van Skyhawk filed this action in the Clay Circuit Court on October 6, 2005.

On October 31, 2005, the Defendants removed the action to this Court.  A review of the

materials attached to the Defendant's Notice of Removal indicate that neither the Plaintiff nor

the Defendants requested a jury trial in their initial pleadings. [Record No. 1]  After resolving

the Plaintiff's motion to remand, this Court entered a Scheduling Order on December 21, 2005.

Because the parties had failed to request a trial by jury on any issues so triable, the matter was

scheduled for a bench trial beginning October 17, 2006.  [Record No. 11]

    Approximately four months after entry of the above-referenced Scheduling Order, the

Plaintiff moved the Court for leave to file an Amended Complaint for the express purpose of

requesting a jury trial. [Record No. 21]  The Plaintiff did not offer any explanation for her delay

of over six months in making this request.  Likewise, no legal authority was cited.  Instead, the

her counsel merely indicated that "Plaintiff wishes to try the case before a jury and request for a jury trial was omitted from the original complaint." [Record No. 21]

The Defendants have opposed the Plaintiff's motion.  In support, they assert that all parties have waived the right to a jury trial in accordance with Rule 38(d) of the Federal Rules of Civil Procedure.  In addition, the Defendants point out that the Plaintiff has made no attempt to show that her original claims were triable to a jury as a matter of right pursuant to Rule 39(b) of the Federal Rules. [Record Nos. 24 and 25]

While the parties have provided little authority for their respective positions, it appears that two provisions of the Federal Rules are applicable to the Plaintiff's request.  As an initial matter, Rule 38(b), Fed. R. Civ. Pro., provides that:

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other party a demand therefor in writing at any time after the commencement of the action but not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.

Likewise, Rule 38 explicitly recognizes that the failure to make a timely jury demand constitutes waiver or that right.  With respect to this issue, subsection (d) states:

> **Waiver.**  The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.  A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Rule 38(d), Fed. R. Civ. Pro.  After reviewing the materials filed in this action, it is clear that the Plaintiff has waived her right to a jury trial in accordance with this provision of the Federal rules.

While the failure to make a proper and timely jury demand has been recognized as a waiver of that right by a number of courts,[1] Rule 39 gives the district court some discretion to reinstate that right. This rule provides, in relevant part, that:

> **(b) By the Court.**  Issues not demanded for trial by jury as provided in rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all issues.

Rule 39(b), Fed. R. Civ. Pro.

While no Sixth Circuit authority has been located which identifies the factors to be considered in determining whether to exercise discretion under Rule 39(b), other circuits have indicated that the court should assess:

1. Whether the case involves issues best tried by a jury or the court;

2. Whether granting the motion would disrupt the court's or the adverse parties' schedule;

3. How greatly the adverse parties will be prejudiced;

4. How long the moving party delayed in requesting a jury trial; and

5. Why the movant failed to file a timely demand for jury trial.

*Parrot v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983).

Unfortunately, full consideration of these factors is difficult where, as here, the parties fail to provide relevant information.  For example, no information has been provided regarding

---

[1]     *Irvin v. Airco Carbide*, 837 F.2d724 (6th Cir. 1987); *K-Mart v. Oriental Plaza, Inc.*, 875 F.2d 907, 914 (1st Cir. 1989); *Sait Elecs., S.A. v. Schiebel*, 846 F.Supp. 17, 18 (S.D.N.Y. 1994); *United States v. Jones*, 158 F.R.D. 309, 311 (D.N.J. 1994); *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195-96 (4th Cir.), *cert. denied*, 377 U.S. 952 (1964); *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1032 (5th Cir. 1993); *United States v. $319,820.00*, 620 F.Supp. 1474, 1479 (N.D. Ga. 1985).

the  potential prejudice that might be suffered by the granting or denial of the requested relief. However, it does not appear that the existing discovery schedule would be altered regardless of the Court's ruling.  Likewise, the length of delay does not appear to be a relevant issue.  Here, there is no indication that the Plaintiff's demand is related in any way to the Defendant's removal of the action from state court.  And while the Plaintiff has indicated that a jury demand was not made originally due to oversight, ordinarily, this is an insufficient reason for the Court to correct counsel's negligence under Rule 39.  *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986); *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981) (failure to make timely motion due to mere inadvertence resulted in denial of motion); *Craig v. Atlantic Richfield Co.*, 19 F.2d 472, 477 (9th Cir.), *cert. denied*, 513 U.S. 875 (1994) (failure to make jury demand due to "oversight, inadvertence or inexcusable neglect" is an insufficient reason to excuse waiver of such demand).  In short, these factors do not favor either the Plaintiff or the Defendants.

Finally, the Court cannot conclude that any issues are presented in the pleadings which should be submitted to a jury as opposed to the Court.  The Plaintiff's Complaint contains three counts.  In Count I, Skyhawk claims that she incurred medical and other expenses following an automobile accident and that the Defendants failed to pay these expenses in violation of Kentucky's Unfair claims Settlement Practices Act and the Consumer Protection Act.  In Counts II and III, Skyhawk seeks recovery against Defendants Nationwide and American Standard in accordance with an underinsured motorist insurance policy  These claims are not unique and require no particular expertise of a jury.

Having considered the above factors, the Court cannot conclude that it should exercise its discretion under Rule 39 to grant the relief sought by the Plaintiff. Therefore, being sufficiently advised, it is hereby

**ORDERED** that the Plaintiff's motion for leave to file an Amended Complaint for the purpose of requesting trial by jury [Record No. 21] is **DENIED**.

This 6th day of June, 2006.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**